IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG V. VU, D.D.S., a professional dental corporation, d/b/a VU ORTHODONTICS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

I CREDIT, LLC, d/b/a iCARE FINANCIAL,

    Defendant.

No. C 17-00790 WHA

**ORDER GRANTING MOTION TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND VACATING HEARING**

## INTRODUCTION

In this action for violation of the Telephone Consumer Protection Act, defendant moves to dismiss or, in the alternative, transfer to a proper venue. For the reasons stated herein, the motion to transfer venue is **GRANTED**. Oral argument on this matter will be of marginal assistance. The hearing scheduled for June 29, 2017, is therefore **VACATED.**

## STATEMENT

Defendant I Care Credit, LLC, a Georgia company, directed advertisements through fax to plaintiff Hung Vu, who resides in the Central District of California. Plaintiff contends that defendant's faxes violated the TCPA, which prohibits unsolicited advertisements through fax. On February 16, 2017, plaintiff commenced this putative class action against defendant for (1) injunctive relief for violation of TCPA and (2) conversion. Defendant now moves to dismiss for improper venue or, in the alternative, transfer to a proper venue. Plaintiff opposes.

## ANALYSIS

**1. IMPROPER VENUE.**

A defendant may move to dismiss a claim for improper venue under FRCP 12(b)(3). Under Section 1391(b) of Title 28, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

*First*, defendant does not reside in this state, so this claim does not meet the first prong to establish proper venue.

*Second*, substantial events giving rise to this claim did not occur in this district, so this claim does not meet the second prong. Plaintiff contends that substantial events occurred in this district because defendant directed faxes to unnamed class members residing in this district. This contention improperly assumes that unnamed parties suffice to meet the venue requirements in a class action. The undersigned judge has previously noted that in class actions, the named plaintiff must satisfy venue provisions. *Briggs v. United States*, No. C 07-05760 WHA, 2009 WL 113387, at *5 (N.D. Cal. Jan. 16, 2009) ("[C]ourts generally hold that the named plaintiffs must satisfy the applicable venue requirements . . . ."). Plaintiff has not met this requirement.

Plaintiff requests judicial notice of seven complaints stating claims against defendant for sending unsolicited faxes (Dkt. No. 20, Exh. 3–9). These exhibits do not establish that substantial events occurred between plaintiff and defendant in this district. Judicial notice of these exhibits is **DENIED AS MOOT.**

Plaintiff also requests judicial notice of three webpages showing businesses from this district providing positive reviews for defendant or advertising defendant's services (Dkt. No. 20, Exh 10–12). Plaintiff requests judicial notice of these exhibits to establish that

2

defendant had substantial relationships with businesses in this district. Even if these exhibits were recognized, they would not establish that substantial events occurred between plaintiff and defendant in this forum. Judicial notice of these exhibits is **DENIED AS MOOT.**

*Third*, there are other districts in which this action may be brought, including the Northern District of Georgia, where defendant resides, or the Central District of California, where plaintiff received faxes from defendant.

### 2. DISMISSAL OR TRANSFER.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Here, defendant moves to dismiss. This order looks to see if dismissal is proper.

In *King v. Russell*, a decision cited by neither side, our court of appeals dealt with the question of dismissal or transfer under Section 1406(a). Our court of appeals found it proper to dismiss rather than transfer in the interest of justice when the plaintiff "expressed no interest in transfer and . . . the action smacks of harassment and bad faith . . . in that it appears [the plaintiff] filed it here after repeatedly losing on at least some similar claims in California." 963 F.2d 1301, 1304 (9th Cir. 1992) (internal quotation marks omitted). Here, although plaintiff opposes transfer, his claims do not meet the criteria in *King* to warrant dismissal because no evidence suggests that plaintiff brings this action in bad faith or with the intention to harass.

As for transfer, plaintiff inexplicably opposes transfer to his home forum, arguing that our district is just as convenient as his own and that his choice of venue should be respected. This is a non-starter because venue here is improper to begin with and we must either dismiss or transfer.

The parties do not dispute that the Central District of California is a proper venue for this action. Plaintiff gave no indication as to any preference between the Central District of California and the Northern District of Georgia. In the interest of justice and to move the case along, this action is transferred to the Central District of California, where plaintiff resides.

3

**CONCLUSION**

For the foregoing reasons, defendant's motion to transfer venue is **GRANTED**. The Clerk shall **TRANSFER** this civil action to the United States District Court for the Central District of California. Plaintiff's request for judicial notice is **DENIED AS MOOT**. The hearing scheduled for June 29, 2017, is **VACATED.**

**IT IS SO ORDERED.**

Dated: June 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4