| | |
|---|---|
| MICHAEL H. BOYAMIAN, SBN 256107<br>michael@boyamianlaw.com<br>ARMAND R. KIZIRIAN, SBN 293992<br>armand@boyamianlaw.com<br>**BOYAMIAN LAW, INC.**<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>Telephone:   (818) 547-5300<br>Facsimile:     (818) 547-5678 | ANDRE E. JARDINI, SBN 71335<br>aej@kpclegal.com<br>K.L. MYLES, SBN 243272<br>klm@kpclegal.com<br>**KNAPP, PETERSEN & CLARKE**<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203-1922<br>Telephone:   (818) 547-5000<br>Facsimile:     (818) 547-5329 |
| THOMAS W. FALVEY, SBN 65744<br>thomaswfalvey@gmail.com<br>**LAW OFFICES OF THOMAS W. FALVEY**<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>Telephone:   (818) 547-5200<br>Facsimile:     (818) 500-9307 | STEPHEN M. RINKA, SBN 219626<br>stephen.rinka@gmail.com<br>**THE RINKA LAW FIRM**<br>433 N. Camden Dr., Suite 600<br>Beverly Hills, CA 90210<br>Telephone: (310) 556-9653<br>Facsimile: (310) 579-8768 |

Attorneys for Plaintiff and the Settlement Class,
HUNG V. VU, D.D.S., A PROFESSIONAL DENTAL CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG V. VU, D.D.S., A PROFESSIONAL DENTAL CORP., d/b/a Vu Orthodontics,<br><br>            Plaintiff,<br><br>    vs.<br><br>ICARE CREDIT SOLUTIONS, LLC, d/b/a iCare Financial LLC; and DOES 1 – 10, inclusive;<br><br>            Defendants. | CASE NO.  2:17-cv-04609-RAO<br><br>[Assigned to the Hon. Rozella A. Oliver, Courtroom 590, Roybal Courthouse]<br><br>**AMENDED NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed concurrently with Plaintiff's Amended Motion for Attorneys' Fees, Costs, and Service Award; Supporting Declarations; and [Proposed] Order]<br><br>Date:            October 26, 2022<br>Courtroom:   590 (Roybal Courthouse)<br>Time:            10:00 a.m. |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 26, 2022 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 590 of the United States District Courthouse located at 255 E. Temple St., Los Angeles, CA, 90012, before the Honorable Rozella A. Oliver, Plaintiff Hung V. Vu. D.D.S., A Professional Dental Corporation ("Plaintiff") will and hereby does move this Court for an Order Granting Final Approval of Class Action Settlement.

Plaintiff's Amended Motion is based on this Notice and the accompanying Memorandum of Points and Authorities; the Amended Declaration of Michael H. Boyamian and the respective exhibits; the Declaration of Thomas W. Falvey; the Declaration of Andre E. Jardini and the respective exhibits; the Declaration of Stephen M. Rinka; the Declaration of Evelin Reyes and the respective exhibits; the Proposed Order; this Court's files and records; and any other evidence, briefing, or argument properly before this Court.

///

///

1

AMENDED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiff respectfully requests that the Court: (1) grant final approval of the proposed Settlement; (2) certify the Class for settlement purposes; (3) find that the Notice was the best practicable notice under the circumstances and satisfied all Constitutional and other requirements; (4) confirm Settlement Class Members who have submitted timely requests for exclusion; (5) confirm as final the Court's preliminary appointment of settlement Class Counsel; (6) confirm as final the Court's preliminary appointment of Hung V. Vu D.D.S., A Professional Dental Corporation as class representative; (7) grant service enhancement award to the class representative in the amount of $5,000.00; (8) grant an award of attorneys' fees of $40,000.00 (33.33 percent of the total settlement sum), and litigation costs $10,667.34, for a total fee and expense award of $50,667.34; (9) award the settlement administrator, Simpluris, up to $30,000 for claims administration expenses; (10) dismiss the action pursuant to the terms and conditions of the Settlement Agreement; (11) retain jurisdiction over the enforcement and implementation of the Settlement Agreement; and (12) issue related orders as necessary.

Dated:  September 28, 2022

Respectfully submitted,

BOYAMIAN LAW, INC.
LAW OFFICES OF THOMAS W. FALVEY
KNAPP, PETERSEN & CLARKE
THE RINKA LAW FIRM


By:   /s/ Armand R. Kizirian
      Armand R. Kizirian
      Attorneys for Plaintiff Hung V. Vu, D.D.S.,
      A Professional Dental Corporation, and the
      Settlement Class

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................... 1

II.  CASE SUMMARY ..................................................................................... 2

III. SUMMARY OF THE TERMS OF THE SETTLEMENT .................................. 4

IV.  FINAL APPROVAL IS WARRANTED FOR A FAIR, ADEQUATE, AND REASONABLE SETTLEMENT SUCH AS THIS. ........................................... 7

  A. An Assessment of the Claims and Defenses Asserted, and Other Relevant Factors, Weigh Strongly in Favor of Approving the Settlement. ..................................................................................... 8

  B. The Investigation Completed Weighs in Favor of Approving the Settlement. ..................................................................................... 9

  C. Plaintiff's and Defendant's Counsel Are Experienced, and the Settlement Is the Product of Serious, Informed, Non-Collusive and Good-Faith Negotiations. ............................................................. 10

  D. The Class's Positive Response to the Settlement, to Which There Have Been No Objections and Minimal Opt-Outs, Strongly Supports Final Approval. ............................................................................. 12

  E. The Requested Attorneys' Fees, Costs and Services Awards Are Reasonable and Comparable to Those Routinely Awarded. ............ 13

V.   CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cody v. Hillard*,
  88 F. Supp. 2d 1049 (D.S.D. 2000) ..............................................................127

*Ellis v. Naval Air Rework Facility*
  (N.D. Cal. 1980) 87 F.R.D. 15 aff'd 661 F.2d 939 (9th Cir. 1980) ...................10

*Fisher Bros. v. Cambridge Lee Indus., Inc.*
  (E.D. Pa 1985) 630 F. Supp. 482 ....................................................................10

*Franklin v. Kaypro Corp.*,
  884 F.2d 1222 (9th Cir. 1989) ...........................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...........................................................................7

*In re Am. Bank Note Holographics, Inc.*,
  127 F. Supp. 2d 418 (S.D.N.Y. 2001) .............................................................12

*In re Art Materials Antitrust Litig.*,
  100 F.R.D. 367 (N.D. Ohio 1983) ...................................................................12

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
  130 F.R.D. 366 (S.D. Ohio 1990) ....................................................................12

*Mandujano v. Basic Vegetable Prods., Inc.*,
  541 F.2d 832 (9th Cir. 1976) ...........................................................................12

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F. 2d 615 (9th Cir. 1982) ............................................................................7

*Satchell v. Fed. Exp. Corp.*,
  2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) .................................................11

*Staton v. Boeing*,
  327 F.3d 938 (9th Cir. 2003) .............................................................................7

## I. INTRODUCTION

Plaintiff Hung V. Vu D.D.S., A Professional Dental Corporation, d/b/a Vu Orthodontics ("Plaintiff" or "Dr. Vu") seeks final approval of this Class Action Settlement, in which Defendant iCare Credit Solutions, LLC, d/b/a iCare Financial, LLC ("Defendant" or "iCare") (Plaintiff and Defendant together as the "Parties") has agreed to pay $120,000, on a non-reversionary basis, to settle claims of all persons in the United States to whom Defendant sent or caused to be sent one or more facsimile advertisements for marketing purposes at any time from February 16, 2013 to June 17, 2019 ("Settlement Class Members"). The notice package was sent via facsimile transmission on July 17, 2019, with follow-up emails sent to certain Class Members at a later date for whom Simpluris was unable to contact via facsimile. Declaration of Evelin Reyes Regarding Notice and Settlement Administration ("Reyes Decl."), ¶ 8. Moreover, in May, June, and July 2022, Plaintiff placed a court-approved legal notice in the ADA News, a monthly publication of the American Dental Association aimed at dentists in the United States. Supplementing the prior direct notice efforts, this publication of a legal notice of the settlement in a magazine likely to be viewed by many Class Members furthers assists Plaintiff in satisfying the type of notice required under Rule 23.

With the close of the notice period on August 15, 2022, Simpluris received 2,284 claim requests, 2 requests for exclusion and 0 objections. Reyes Decl., ¶¶ 9-11; *see* Order Revising Schedule for Publication Notice of Class Action Settlement, Dkt. No. 90.

The Settlement, which was reached as a result of arm's-length negotiations with the assistance of respected mediator Phillip K. Cha, Esq., is eminently fair and reasonable and should be approved. By this unopposed motion, Plaintiff requests final approval of the proposed Settlement, which was preliminarily approved by this Court on June 17, 2019, including a final determination that the Settlement is in good faith and fair to the settlement class. After the Court raised concerns regarding the sufficiency of the Parties' notice plan at the prior final approval hearing on October 30, 2019, Plaintiff completed a

1

AMENDED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

notice by publication and thus, Plaintiff has provided notice to Class Members in full compliance with Rule 23.

Thus, in the concurrently filed Amended Motion for Final Approval of Attorneys' Fees, Costs, and Enhancement Awards ("Motion for Attorneys' Fees"), Plaintiff also seeks, among other things, an award of attorneys' fees in the amount of $40,000 (1/3 of the gross settlement); litigation costs of $10,667.34; claims administration costs of approximately $22,000; and enhancement awards for the Plaintiff and Class Representative Dr. Vu of $5,000. After deducting the requested fees and costs, the Net Settlement amount to be distributed to Class Members, is estimated at $42,332.66.

Class Counsel have achieved a substantial result in this litigation, embodied in the Settlement Agreement. Final approval is warranted because this is a fair and positive result for the Class Members who received unsolicited facsimile transmission from Defendant which Plaintiff contends were unlawful. As of September 28, 2022, no Class Member objected to the settlement and only two out of over sixty thousand have opted out, signifying overwhelming approval by Class Members. Reyes Decl., ¶¶ 10-11. All of the Court's requirements for Notice to the Class, set forth pursuant to the Order Granting Preliminary Approval (Dkt. No. 68) and Order Revising Schedule for Publication Notice of Class Action Settlement (Dkt. No. 90) have been fully complied with. The conclusion that the Settlement is a truly excellent result becomes more apparent in light of Defendant's defenses to Plaintiff's claims, as described in Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Indeed, the Settlement strikes a balance between the perils of continued litigation and fairly compensating Class Members. The Settlement is fair and reasonable, and should be approved.

## II.    CASE SUMMARY

Defendant iCare Credit Solutions, LLC is a Georgia-based company which at all relevant times marketed and sold credit and financial assistance products and services to dentists and dental businesses. Specifically, during the relevant time period of February

16, 2013 to June 17, 2019 (hereafter "Class Period"), Plaintiff alleges that iCare violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by sending unsolicited fax advertisements to recipients with deficient opt-out notices.  Plaintiff contends that iCare did so without prior express consent and without any established business relationship.  The Complaint thus alleges that Plaintiff and the Class are entitled to statutory and actual damages, injunctive relief, costs of suit, attorney's fees.  *See* Complaint, Prayer for Relief, Dkt. # 36.

Defendant has denied and continues to deny that they violated the TCPA.  iCare denies any liability and contends that it has a number of affirmative defenses that would defeat Plaintiff's claim on both substantive and procedural grounds.  For instance, iCare could claim that the faxes at issue are not "unsolicited advertisements." *See Physician's Healthsource, Inc. v. MulitPlan Servs. Corp.*, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013) ("Based on the four corners of the facsimile, there is no overt advertising . . . nor is there any enticement that could be construed as pretext to advertise commercial products or services.").  If the Court were to determine that the faxes were not advertising but rather were informational messages not regulated by the TCPA, then Plaintiff and Class Members would not recover anything.

Clearly, one of the factors to be considered as to the fairness of a class action settlement is iCare's willingness and ability to mount a vigorous defense.  "The most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Wong v. Accretive Health, Inc.*, 2014 WL 6888166, at *3 (7th Cir. Dec. 9, 2014).

Moreover, from the outset of this litigation, Defendant has consistently maintained that it is financially insolvent and is incapable of satisfying a large class action settlement and/or judgment.  Defendant provided substantial documentary support to corroborate its representations.  A review of this financial information indeed showed additional risks to any class recovery if this case were to proceed through a successful class certification

motion and/or trial. In summary, based on the information shared before, during, and after mediation, the risks to the class that no monetary benefit could be the result through further litigation were extremely high. These facts were a heavy factor in negotiating and ultimately reaching the monetary terms under the settlement. This is also highlighted in the fact that the Parties negotiated a structured settlement payment to be paid over the course of two years, as explained below and referenced in Paragraph 6 of the section titled Settlement Terms in the parties Settlement Agreement.

As explained further below, the Settlement allows Settlement Class Members to receive monetary relief and enjoins Defendant from processing unsolicited fax advertisements to the public. While Plaintiff believes that his claim for maximum statutory damages under the TCPA is strong, Plaintiff is also aware of the inherent risks and costs of continuing with complex litigation of this nature. If iCare were to prevail on its asserted defenses or if it suddenly elects to file for bankruptcy relief and protection, Settlement Class Members, including Plaintiff, would receive no relief at all. Given this possibility, a pro rata distribution of the Net Settlement Fund is a meaningful achievement and the Court should grant final approval of the Settlement.

### III. SUMMARY OF THE TERMS OF THE SETTLEMENT

If given final approval, the Parties' Settlement Agreement would resolve this action and the controversy about Defendant's fax advertisements sent during the Class Period. The Parties negotiated the Settlement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals.

Based upon their review and analysis, the Parties agreed to and executed the Settlement Agreement.

The key terms of the Agreement are as follows:

a. <u>Certification of a Settlement Class</u>. The Parties have stipulated to

conditional certification of a Rule 23(b)(2) "Settlement Class" defined as, "all persons within United States to whom Defendant sent or caused to be sent one or more facsimile advertisements for marketing purposes during the Class Period, i.e., from February 16, 2013 up to and including the Preliminary Approval Date [June 17, 2019]."

      b. <u>The Class Representative and Class Counsel</u>. The Parties have stipulated that Plaintiff is the Class Representative and that Plaintiff's attorneys (Boyamian Law, Inc., Law Offices of Thomas W. Falvey, Knapp Petersen & Clarke, and the Rinka Law Firm) are Class Counsel for the Settlement Class.

      c. <u>Class Injunctive Relief</u>. Defendant has consented to the entry of an injunction prohibiting them from sending or faxing any commercial facsimile advertisements to the general public for a period of four (4) years after the Effective Date as spelled out in Paragraph 3 of the Settlement Agreement under the section titled "Settlement Terms". Exh. 1 to Amended Declaration of Michael H. Boyamian in Support of Final Approval of Class Action Settlement ("Boyamian Decl."). The TCPA expressly provides for injunctive relief. *See* 47 U.S.C. § 227(b)(3)(A) (a party may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation"). "Under the TCPA, Congress created an equitable remedy that allows a plaintiff to choose injunctive relief, damages or both." *Meyer v. Portfolio Recovery Assocs., LLC*, 2011 U.S. Dist. LEXIS 156610, *3 (S.D. Cal. Sept. 14, 2011).

      d. <u>Monetary Relief to the Members of the Settlement Class</u>. Defendant is also required to pay the Gross Settlement Amount of $120,000.00 (the "Settlement Fund") inclusive of valid class member claims, an incentive payment to Plaintiff, attorney's fees and reasonable litigation expenses, to Class Counsel as approved by the Court, and to pay for the administration of the settlement.

      Due to Defendant's verified financial insolvency, the total settlement payment of $120,000 shall be paid by Defendant to the Settlement Administrator by wire transfer as follows: (a) Payment of $3,500 per month for six (6) months, beginning no later than 7

days following the Effective Date; (b) Payment of $5,500 per month for eighteen (18) months, beginning no later than 30 days after the last monthly payment of $3,500 identified in subsection (a). Boyamian Decl., Exh. 1, ¶ 6.

e. <u>Class Notice</u>. The Parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by facsimile.  The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail or through the settlement website to the Claims Administrator.  This notice, which was previously approved by the Court through the Preliminary Approval Order (*see* Dkt. # 68) was sent out by Simpluris, Inc., the third party administrator, on July 17, 2019. Reyes Decl., ¶ 7.  Moreover, when Simpluris informed the Parties that it was unable to contact all Settlement Class Members through facsimile transmission, Defendant provided Simpluris with email addresses of some of these Settlement Class Members so that Simpluris could email the requisite notice.  Reyes Decl., ¶ 8.

Moreover, after the Court declined to grant final approval at the first fairness hearing, held on October 30, 2019, the Parties agreed to provide additional notice to the class via publication.  With the Court's approval (Dkt. No. 90), the Parties submitted notice of the settlement for publication in the American Dental Association's ADA News magazine.  The Parties' chose this magazine for this notice because ADA News is a nationwide publication aimed at dental professionals and is published throughout the territory covering the putative class.  *See* Brand Report for the ADA News, Boyamian Decl., Exh. 3.

f. <u>Claims</u>.  The summary notice sent by Simpluris included a simple, one-page notice providing relevant information for submitting claims for cash payment.  The summary notice included a claim form with instructions to the class member to submit a claim form to the third party claims administrator, Simpluris, Inc., for payment.  The claim form submitted by each class member had to be signed under oath and affirm that the fax number identified as having allegedly received a fax advertisement in the Class

Period, as defined, was the class member's same fax number during the Class Period. A class member submitting a timely and valid Claim Form will receive an equal share of the Net Settlement Amount calculated based upon the Net Settlement Amount divided by the total number of Claimants. Boyamian Decl., Exh. 1, ¶ 11 of Settlement Terms.

The claimant need not possess the junk fax at issue and need not have a copy of the junk fax at issue and need not recall that he/she received the fax at issue, the claimant must merely identify himself or herself as a member of the Settlement Class by verifying ownership of the targeted fax number(s) during the Class Period. *Id*.

g. Release. In consideration of the injunctive relief and payment provided by the Settlement, the Settlement Class including Plaintiff will release and forever discharge each and all of the Released Persons from any and all claims, causes of action, possessed against the Released Persons, existing at the time of execution of this Agreement, arising out of or relating to the facsimile advertisements at issue in the Lawsuit upon an Order granting final approval of this Settlement. Only Plaintiff – and not Settlement Class Members - further waives any and all rights under California Civil Code section 1542. Boyamian Decl., Exh. 1, ¶ 12 of Settlement Terms.

h. Attorney's Fees and Costs and Class Representative Award. Through the concurrently filed Motion for Attorneys' Fees, Costs, and Service Award, Class Counsel is applying to the Court and request approvals of award of attorney's fees equal to $40,000.00 plus their reasonable out-of-pocket expenses, claims notice and administration fees of up to $30,000. Class Counsel are also asking the Court to approve an award of $5,000 to Plaintiff, Dr. Vu for serving as the class representative. Boyamian Decl., Exh. 1, ¶ 7 of Settlement Terms.

## IV. FINAL APPROVAL IS WARRANTED FOR A FAIR, ADEQUATE, AND REASONABLE SETTLEMENT SUCH AS THIS.

Federal law strongly encourages settlements in the context of class actions. *See, e.g., Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("overriding public interest in settling and quieting litigation" is "particularly true in class action suits").

When reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F. 2d 615, 625 (9th Cir. 1982).

To approve a proposed settlement of a class action under Federal Rule 23(e), the Court must find that the proposed settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Although Rule 23 provides no precise formula for making this determination, the Ninth Circuit has identified several factors to be considered: (1) the strength of the case; (2) the size of the claims and amount offered to settle them; (3) the risk, expense, complexity and likely duration of further litigation; (4) the stage of the proceedings, *i.e.*, whether the plaintiffs and their counsel have conducted sufficient discovery to make an informed decision on settlement; (5) whether the class has been fairly and adequately represented during settlement negotiations by experienced counsel; and (6) the reaction of the class to the proposed settlement. *See id.* (noting that the relative importance of each of these factors will depend on the circumstances of the case). Here, all of the relevant factors weigh in favor of final approval.

The total settlement amount is $120,000 which includes payment to Settlement Class Members, the named Plaintiff's service award, the costs of administration of the settlement, and attorneys' fees and costs. As discussed more fully below, these amounts are eminently fair and reasonable under all of the relevant circumstances.

Should the Court not approve the Settlement, Plaintiff would move forward with his Motion for Class Certification. Despite Plaintiff's confidence in his claims and the

appropriateness of class certification, Plaintiff nevertheless recognizes the very real risk that the Court may deny class certification. In addition, attorneys' fees and litigation costs would increase significantly if Plaintiff were to litigate this action with a certified class and hold a class action trial. Moreover, Defendant would likely appeal any adverse verdicts at trial. Finally, as Defendant is a smaller company, Defendant may be unable to satisfy a judgment and seek bankruptcy protection even if Plaintiff were ultimately to overcome all of these hurdles. For these reasons, as well as the reasons stated below, the Settlement is a fair and reasonable outcome for the Settlement Class members.

### A. An Assessment of the Claims and Defenses Asserted, and Other Relevant Factors, Weigh Strongly in Favor of Approving the Settlement.

The settlement considers the strengths and weaknesses of both parties' respective positions. Plaintiff alleges that Defendant sent unsolicited facsimile advertisements to him and other Class Members in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Further litigation carries numerous risks and obstacles for Plaintiff and Class Members. Boyamian Decl., ¶¶ 11-15.

First, regarding the merits of Plaintiff's action, the unsolicited fax advertisements at issue could be construed as merely informational. *See Physician's Healthsource, Inc. v. MulitPlan Servs. Corp.*, 2013 WL 5299134, at *2 (D. Mass. Sept. 18, 2013) ("Based on the four corners of the facsimile, there is no overt advertising . . . nor is there any enticement that could be construed as pretext to advertise commercial products or services."). If the Court were to determine that the faxes were not advertisements but rather were informational messages not regulated by the TCPA, then Plaintiff and Class Members would not recover anything. Boyamian Decl., ¶ 12.

Next, regarding Defendant's defenses to class certification, iCare could argue that the facsimile advertisements had valid opt-out clauses. In other words, what each Class Member did to respond or react to the facsimile advertisements or to the opt-out clause could vary from one person to the next, leading to a potential conclusion that class action treatment is not altogether appropriate. Boyamian Decl., ¶ 13.

Moreover, while Plaintiff maintains that the merits and propriety of class action treatment would be found in Plaintiff's and the Class' favor, the driving force for this Settlement was that there was a serious ability to pay issue. From the inception of this class action lawsuit, Defendant consistently maintained that it was financial insolvent to defend this action or satisfy a large class-wide judgment. Defendant provided Plaintiff with detailed financial records regarding its financial viability. The records which included, for example, verified corporate tax returns, profit and loss statements, bank account information, provided to Plaintiff were specifically requested by an expert retained by Plaintiff's counsel. The records showed that Defendant's business has been losing money in recent years and had limited resources to defend this class action lawsuit, pay for a settlement or satisfy a judgment following trial. Boyamian Decl., ¶ 14.

Because there was no insurance available to pay any judgment by Defendant on this case, continued litigation would have drained the limited resources that were available in this case. The settlement agreement and the resulting structured settlement payments as outlined in the Settlement Agreement, was a direct result of the represented financial condition of the Defendant. Class Counsel along with the assistance of an expert reviewed the financial records, asked follow-up questions to Defendant and eventually determined that the financial condition of the Defendant was accurately represented by it throughout this case and at mediation. Boyamian Decl., ¶ 14.

**B. The Investigation Completed Weighs in Favor of Approving the Settlement.**

Class Counsel conducted a thorough investigation into the relevant facts and legal claims before entering into this settlement with Defendant. Class Counsel conducted an in-depth investigation and analysis regarding the suitability of the named Plaintiff's claims for class treatment; the adequacy of the named Plaintiff to represent the proposed Class; other Class Certification requirements; the merits of the liability issues; the amount of damages allegedly owed to Class Members; and the financial viability of Defendant. Boyamian Decl., ¶ 16.

Moreover, as to the Defendant's financial condition, Class Counsel obtained voluminous records detailing the financial condition of Defendant and corresponded with an expert to determine what Defendant could realistically pay in settlement or to satisfy a judgment. Boyamian Decl., ¶ 17.

Accordingly, at the time of settlement, Class Counsel had a wealth of information upon which to make an informed decision about the appropriate value at which to settle the claims against Defendant.

### C. Plaintiff's and Defendant's Counsel Are Experienced, and the Settlement Is the Product of Serious, Informed, Non-Collusive and Good-Faith Negotiations.

This is not a case of collusion by counsel for the parties, but instead, a thoughtful, careful agreement to reach settlement of Class Members' claims by experienced counsel, operating at arms-length, who have weighed the strengths of the case and examined all issues and risks of litigation and endorse the proposed settlement. The view of the attorneys actively conducting this litigation "is entitled to significant weight" in deciding whether to approve the settlement. *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd* 661 F.2d 939 (9th Cir. 1980); *Fisher Bros. v. Cambridge Lee Indus., Inc.*, 630 F. Supp. 482, 488 (E.D. Pa 1985).

Class Counsel are very experienced in class actions and have been successful in obtaining large dollar settlements on behalf of a class of persons. Boyamian Decl., ¶¶ 3-6; Declaration of Thomas W. Falvey ("Falvey Decl."), ¶¶ 3-7. In light of this experience, Class Counsel are experienced and qualified to evaluate the Class claims and to evaluate settlement versus trial, on a fully informed basis, and to evaluate the viability of the defenses.

Class Counsel are convinced that this settlement is in the best interest of the Class based on the negotiations and a detailed knowledge of the issues present in these actions. The length and risks of trial and other normal perils of litigation that may have impacted the value of the claims were all weighed in reaching the proposed settlement. The

affirmative defenses asserted by the Defendant, the difficulties of complex litigation, the lengthy process of establishing specific damages and various delays and appeals, were also carefully considered by Class Counsel in agreeing to the proposed settlement. Specifically, Class Counsel balanced the terms of the proposed settlement against the likelihood of class certification, the probable outcome of liability, the range of recovery at trial, and perhaps most importantly, Defendant's ability to satisfy a judgment. Boyamian Decl., ¶¶ 12-14, 21.

Counsel on both sides share the view that the Settlement is a fair and reasonable compromise, taking into consideration the complexities of the case, the state of the law and the uncertainties of class certification and litigation, and the substantial result for the Class. Given the risks inherent in this litigation and the defenses asserted, the Settlement is fair, adequate, reasonable and in the best interests of the class and one which supports a grant of final approval. Boyamian Decl., ¶ 21.

The prospect of settlement of the case was discussed over the course of mediation and follow-up conversations with the mediator. Negotiations were, at all times, adversarial, non-collusive, in good faith, and at arm's length. *Id*. Thus, the Settlement Agreement is the product of extensive and informed negotiations between counsel with substantial litigation experience, who are fully familiar with the legal and factual issues in this case, and who have experience litigating and settling complex and class action cases, including employment cases, facilitated by experienced and respected mediator Phillip K. Cha, Esq. *See Satchell v. Fed. Exp. Corp.*, 2007 WL 1114010, *at* *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Boyamian Decl., ¶¶ 18, 21.

### D. The Class's Positive Response to the Settlement, to Which There Have Been No Objections and Minimal Opt-Outs, Strongly Supports Final Approval.

The Ninth Circuit and other federal courts have made clear that the number or percentage of class members who object to or opt out of the settlement is a very significant factor in determining whether to grant final approval. *See Mandujano v. Basic*

*Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy") (internal quotation marks and citation omitted)); *Cody v. Hillard*, 88 F. Supp. 2d 1049, 1059-60 (D.S.D. 2000) (approving the relevant settlement in large part because only 3% of the apparent class had objected to the settlement); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) (approving the relevant settlement and affording "substantial weight" to the fact that fewer than 5% of the class members elected to opt out of the settlement); *In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) (approving the settlement and holding that the fact that none of the class members had objected and a small percentage opted out of the settlement was "entitled to nearly dispositive weight").

Here, no Class Member has objected to the settlement and only two out of over sixty thousand have opted out. Reyes Decl. ¶¶ 10-11.

In sum, all of the relevant factors demonstrate that this is a fair, adequate and reasonable settlement, and final approval is therefore appropriate.

### E. The Requested Attorneys' Fees, Costs and Services Awards Are Reasonable and Comparable to Those Routinely Awarded.

In the present case, Plaintiff's counsel requests, and Defendant does not oppose, an award of attorneys' fees in the amount of one third of the gross settlement minus, as well as costs and an enhancement award to the named Plaintiff. As detailed in Plaintiff's concurrently filed Motion for Attorneys' Fees, the requested fees, costs and enhancement awards are well within the range typically awarded by courts in comparable cases, and are more than justified given the results achieved by Plaintiff's counsel.

///
///
///
///

## V. CONCLUSION

The Parties have reached an agreement that disposes of the risks, costs and delay associated with further litigation, while allowing payments to class members on a fair and equitable basis. Defendant denies liability, but seeks, through this settlement, to obtain closure to this litigation. No class member has objected to the settlement and less than 1% have opted out. As a result, Plaintiff respectfully requests that the Court grant final approval to this class action settlement.

Dated: September 28, 2022

Respectfully submitted,

BOYAMIAN LAW, INC.
LAW OFFICES OF THOMAS W. FALVEY
KNAPP, PETERSEN & CLARKE
THE RINKA LAW FIRM

By: /s/ Armand R. Kizirian
Armand R. Kizirian
Attorneys for Plaintiff Hung V. Vu, D.D.S., A Professional Dental Corporation, and the Settlement Class