# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG V. VU, D.D.S., A PROFESSIONAL DENTAL CORP., d/b/a Vu Orthodontics,<br><br>Plaintiff,<br><br>vs.<br><br>ICARE CREDIT SOLUTIONS, LLC, d/b/a iCare Financial LLC,<br><br>Defendant. | Case No.: 2:17-cv-04609-RAO<br><br>**JUDGMENT** |

Pursuant to the Order Granting Amended Motion for Final Approval of Class Action Settlement [91] and Granting-in-Part Amended Motion for Attorneys' Fees, Costs, and Service Award [91-1] entered concurrently herewith, and in accordance with Rule 58 of the Federal Rules of Civil Procedure, it is HEREBY ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

2. The Court confirms as final its provisional certification of the Class in its June 17, 2019 order preliminarily approving the Settlement. *See* Dkt. No. 68. The following Class is certified: all persons within the United States to whom Defendant sent or caused to be sent one or more facsimile advertisements for marketing purposes from February 16, 2013 to June 17, 2019.

3. With respect to the Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the lawsuit; (c) the claims of the Class Representative are typical of the claims of the other members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as class counsel.

4. The Court confirms as final the appointment of Plaintiff Hung V. Vu. D.D.S., A Professional Dental Corporation ("Dr. Vu") as Class Representative and awards Dr. Vu $1,500 for his service as Class Representative.

5. The Court confirms as final the appointment of Michael H. Boyamian and Armand R. Kizirian of Boyamian Law, Inc., Thomas W. Falvey of the Law

Offices of Thomas W. Falvey, Andre E. Jardini of Knapp, Petersen & Clarke, APC, and Stephen M. Rinka of The Rinka Law Firm, P.C. as Class Counsel.

6. The Court approves an award of attorneys' fees of $36,000 (30 percent of the gross settlement) and litigation costs of $10,592.90, for a total fee and expense award of $46,592.90. These amounts are to be deducted from the settlement fund of $120,000 pursuant to the terms of the Settlement Agreement and Release Between Plaintiffs and Defendants, attached to the Amended Declaration of Michael H. Boyamian as Exhibit "1."

7. The Court approves the payment of fees and other charges of the settlement administrator Simpluris, Inc. of $22,000.

8. Pursuant to Fed. R. Civ. P. 23(e), the Court grants final approval to the Settlement, and orders the parties to implement, and comply with, its terms. The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and that it is binding on all members of the Class. The Court specifically finds that this Settlement affords substantial monetary and injunctive relief to the Class and is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel after thorough factual and legal investigation. The Court further finds that the response of the Class to the Settlement supports final approval, in that zero Class Members objected to the proposed Settlement and less than 1% excluded themselves from the Settlement.

9. The Notice provided to the Class constituted the best notice practicable under the circumstances, and fully met the requirements of due process under the United States Constitution and California law, by providing individual notice to all Class Members who could be identified through reasonable effort.

10. The Court finds that the proposed plan of allocation is fair and reasonable. The procedures set forth in the Settlement by which payments are to be

calculated and made to Class Members are fair, reasonable, and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement and this Order.

11. By operation of this Order and upon the effective date of the Judgment, Plaintiff shall release, relinquish, and discharge all claims against the Releasees released under the terms of Paragraph 12 of the Settlement.

12. By operation of this Order and upon the effective date of the Judgment, all Class Members who have not opted out of the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees as set forth in Paragraph 12 of the Settlement.

13. Pursuant to the terms of the Settlement, Defendant iCare Credit Solutions, LLC, d/b/a iCare Financial LLC ("Defendant") has consented to the entry of an injunction and is hereby enjoined, for a period of four (4) years following the Effective Date, as follows: Defendant shall continue, since 2016, to not send, or cooperate with others to send, facsimile advertisements for marketing purposes unless each recipient has given prior express written consent to receive facsimile advertisements from Defendant.

14. This Judgment is intended to be a final disposition of the above-captioned action in its entirety and is intended to be immediately appealable.

15. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

16. The requested attorneys' fees and costs are fair, reasonable, and were incurred in the best interests of the Class. Class Counsel, Boyamian Law, Inc., the Law Offices of Thomas W. Falvey, Knapp, Petersen & Clarke, APC, and The Rinka

Law Firm, P.C., achieved a settlement for the Class Members through their diligent research, investigation, and litigation of the case. Therefore, the fees are appropriate under a percentage-of-recovery analysis, as the fees requested are in line with previous awards affirmed and approved by the Ninth Circuit Court of Appeals and the Central District of California.

17. The Settlement Administrator shall pay the above-stated attorneys' fees and costs to Class Counsel pursuant to the terms of the Settlement.

**IT IS SO ORDERED AND ADJUDGED.**

DATED: November 4, 2022

_____
THE HON. ROZELLA A. OLIVER
United States Magistrate Judge